UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SCOTT BOEHM, | Case No. |
| *Plaintiff*, | |
| v. | ECF CASE<br>Electronically Filed |
| RICHARD MONCHER, | **COMPLAINT AND JURY DEMAND** |
| *Defendant*. | |

Plaintiff SCOTT BOEHM, by and through undersigned counsel, hereby demands a trial by jury of all claims and issues so triable, and for his Complaint against Defendant RICHARD MONCHER, hereby asserts and alleges as follows:

### THE PARTIES

1. Plaintiff Scott Boehm ("Plaintiff" or "Boehm") is a photographer who makes his living taking and licensing photographs.

2. Plaintiff is a resident of the State of Illinois.

3. By and in this action, Plaintiff asserts claims for copyright infringement against Defendant related to the unauthorized copying, displaying, publishing, and other uses of Plaintiff's original and copyrighted photograph.

4. This action involves Plaintiff's iconic photograph of Aaron Rodgers, quarterback of the NFL's Green Bay Packers, shaking hands with Ryan Braun, left fielder for MLB's Milwaukee Brewers, after Rodgers threw out the first pitch at a Brewers game to Braun after both players had won the MVP award in their respective leagues (referred to herein as the "Photograph").

1

5. Upon information and belief, Defendant Richard Moncher ("Defendant" or "Moncher") is a resident of California.

6. Defendant Moncher owns and/or operates the "Packer Greats" website (located at URL address: http://www.packergreats.com) through which he sells sports prints, posters, canvases, and other memorabilia that is primarily directed toward fans of the Green Bay Packers, located in Green Bay, Wisconsin.

7. Defendant Moncher obtained infringing canvases featuring unauthorized copies of Plaintiff's Photograph from persons residing in Wisconsin and doing business in this District.

8. Upon information and belief, Defendant Moncher consistently and routinely does business in Wisconsin and transacts business with persons and companies in this District, including purchasing prints and canvases from persons and companies in this District.

9. Defendant infringed Plaintiff's copyrights in the Photograph by copying, displaying, publishing, offering for sale, and selling products, including prints and canvases, that included unauthorized copies of Plaintiff's Photograph.

## JURISDICTION AND VENUE

10. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Western District of Wisconsin pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) since the alleged misconduct by Defendant giving rise to the claims asserted herein originated and occurred in this

District and 28 U.S.C. § 1400(b) since Defendant infringed Plaintiff's copyrights in this District, and because Defendant regularly does business in this District.

## GENERAL ALLEGATIONS

12. Plaintiff is a professional photographer who makes his living by taking and licensing photographs.

13. Plaintiff specializes in creating sports-related photography, including photographing NFL, NCAA, and MLB games.

14. The Photograph at issue in this action was created by Plaintiff and he owns all copyrights in and to the photograph.

15. Defendant Moncher operates a commercial website through which he sells posters, prints, and other sports memorabilia.

16. Defendant Moncher created and/or sold commercial products featuring unlicensed copies of Plaintiff's Photograph.

17. Because information regarding Defendant's use of Plaintiff's photo remains in Defendant's sole possession, the full scope of Defendant's infringing activities has not yet been ascertained.

18. Upon information and belief, a reasonable opportunity for further investigation and discovery will yield evidence that Defendant's unauthorized, unlicensed, and/or infringing use and exploitation of Plaintiff's image is not limited to the photographic work identified herein bur rather includes numerous additional works and uses.

## COUNT I
## (COPYRIGHT INFRINGEMENT)

19. Plaintiff repeats and re-alleges each of the above allegations as if set forth fully herein.

20. Plaintiff created and owns all copyrights in and to the creative work identified herein and that is the subject of this action.

21. All uses of Plaintiff's Photograph by Defendant, including the copying and publishing and displaying and offering for sale of products that included the Photograph, infringed Plaintiff's copyrights in the Photograph.

22. Defendant continues to infringe Plaintiff's copyrights in and to the Photograph by maintaining a photograph on his website that prominently displays a reproduction of the infringing canvas and is used by Defendant to promote his brand and products and access to players.

23. Defendant's unauthorized use of Plaintiff's copyrighted work was willful, intentional, and/or reckless.

24. Defendant's unauthorized use of Plaintiff's Photograph is part of a larger pattern and habit of infringement by Defendant.

25. To this day, Defendant continues to publish, display, and offer for sale prints and canvases that Defendant acquired from persons or entities that Defendant knows did not have permission to create those prints and canvases, evincing Defendant's complete lack of respect for the law.

26. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profits attributable to the infringements. Plaintiff also seeks all attorneys' fees and any other costs incurred in litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A preliminary and permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or selling any publications or materials that include Plaintiff's work identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photograph and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendant;

2. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to infringement, and damages suffered as a result of the lack of credit and attribution;

3. All allowable damages caused by and/or resulting from Defendant's violation and infringement of Plaintiff's moral rights in and to these creative visual work;

4. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. Any other relief authorized by law, including punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated August 31, 2016

                                  Respectfully submitted,

By: *[signature: Kevin McCulloch]*

            Kevin P. McCulloch
            Nathaniel Kleinman
            The McCulloch Law Firm, PLLC
            155 East 56th Street
            New York, New York 10022
            T: (212) 355-6050
            F: (206) 219-6358
            Kevin@McCullochIPlaw.com
            Nate@McCullochIPlaw.com

            *Attorneys for Plaintiff*