IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM,

                 Plaintiff,

v.

RICHARD MONCHER,

                 Defendant.

OPINION & ORDER

16-cv-600-jdp

---

Plaintiff Scott Boehm, a professional sports photographer, filed this copyright infringement suit against pro se defendant Richard Moncher, alleging that Moncher displayed and offered for sale canvases featuring one of Boehm's photos without authorization. Moncher, a citizen of California, now moves to dismiss Boehm's complaint for improper service of process and lack of personal jurisdiction. Dkt. 6. Boehm moves for an order allowing service by publication. Dkt. 16. Although it appears that Moncher is evading service, which would allow for service by publication, the court will not reach the service issue because Boehm does not make a *prima facie* showing of personal jurisdiction. So the court will grant Moncher's motion, dismiss Boehm's motion as moot, and dismiss the case.

BACKGROUND

The court draws the following facts from the parties' evidentiary submissions and the allegations in Boehm's complaint. Dkt. 1.

Moncher lives in California. He sells Wisconsin sports memorabilia, including prints, posters, and canvases, online. He bought some prints and canvases from Dan Zimprich, including at least one canvas featuring Boehm's photo of Ryan Braun, the left fielder for the

Milwaukee Brewers, and Aaron Rodgers, the Green Bay Packers' quarterback, shaking hands. He helped arrange for Rodgers and Bruan to sign canvases featuring this photo, including transporting the canvases from Madison to Milwaukee for the event. He offered the canvas that he bought for sale online through his website, packergreats.com.

Moncher directed Zimprich to send many of the other prints and canvases to Moncher's friend, Doug Barsness. Barsness operates a store called "PackerGreats" in Stevens Point, Wisconsin. Dkt. 8-4, at 6. In 2013, Moncher helped to organize a display of some of these prints and canvases in a bank lobby in Stevens Point. It's unclear whether the display was put on by Barness's PackerGreats store, Moncher's packergreats.com website, or both—Moncher's email about the display refers to "our retail shop." *Id.* at 5.

Boehm initially sued Moncher, Zimprich, and other Wisconsin citizens for copyright infringement in *Boehm v. Zimprich*, No. 14-cv-16 (W.D. Wis. filed Jan. 9, 2014), *transferred from* No. 13-cv-1031 (S.D.N.Y. filed Feb. 14, 2013). Zimprich and his wife owned a sports memorabilia store in Madison. Boehm and his co-plaintiff, David Stluka, alleged that the Zimpriches made and sold prints and photo canvases of dozens of plaintiffs' photos without authorization and that they provided these products to other defendants, including Moncher.

Boehm first attempted to serve Moncher in *Boehm v. Zimprich* by delivering the summons and complaint to Moncher's home. The case proceeded without Moncher's participation and he defaulted. The court entered judgment against him in 2015. A year later, the court granted Moncher's motion to vacate the judgment and dismissed him from the case because he was not properly served—Boehm left the summons and complaint at a company that rents mailboxes, not Moncher's home.

A few months later, Boehm filed this suit against Moncher. Boehm located Moncher's home address and attempted to serve him through a process server on September 7, 2016, but Moncher's wife refused to accept the papers. The process server returned on September 20, but no one answered the door. According to the process server, someone peeked out from behind the window curtains. According to Moncher, no one was home. In October, Boehm mailed Moncher a copy of the summons and complaint with a request for waiver of service. Moncher refused to sign and return the waiver.

The court has subject matter jurisdiction over this copyright infringement case under 28 U.S.C. § 1331.

ANALYSIS

Moncher moves to dismiss the case for lack of personal jurisdiction. On Moncher's motion to dismiss, the court accepts Boehm's well-pleaded factual allegations as true and considers the supporting evidence adduced by the parties, resolving any factual disputes in Boehm's favor. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Boehm bears the burden of making a *prima facie* showing of personal jurisdiction. *Id.* Boehm must demonstrate that Moncher falls within Wisconsin's long-arm statute, Wis. Stat. § 801.05, which has been interpreted to confer "jurisdiction 'to the fullest extent allowed under the due process clause.'" *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) (quoting *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990)). If Boehm makes this showing, the burden shifts to Moncher to show that exercising jurisdiction over him would offend due process. *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998).

Neither party addresses Wisconsin's long-arm statute. Although Wis. Stat. § 801.05 is liberally construed in favor of jurisdiction, *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 10, 245 Wis. 2d 396, 629 N.W.2d 662, Boehm still bears the burden of establishing a *prima facie* case for personal jurisdiction under the statute. He fails to do so.

Boehm contends that the court may exercise general jurisdiction over Moncher. The applicable provision of Wisconsin's long-arm statute is § 801.05(d)(1), which confers jurisdiction over a defendant who "[i]s engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." General jurisdiction is "a demanding standard," and "considerably more stringent" than the standard for specific jurisdiction. *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003)). Boehm adduces no evidence that Moncher engages in substantial activities within Wisconsin. Moncher does not live in Wisconsin, nor does he work in Wisconsin. Moncher's visits with his mother, who lives in Wisconsin, and purchase of products from Zimprich, who lives in Wisconsin, are not sufficiently substantial to permit the exercise of general jurisdiction.

Boehm also contends that the court may exercise specific jurisdiction over Moncher. Based on the allegations in the complaint and supporting evidence, the provision of the statute most likely to confer specific jurisdiction over Moncher is paragraph (3), which confers jurisdiction over a defendant when the alleged injury arose out of the defendant's act or omission within the state. In the copyright context, § 801.05(3) focuses on where the defendant's infringing act occurred. *See Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 448 (7th Cir. 1993). Here, Boehm alleges that Moncher injured him by "copying and publishing and displaying and offering for sale" products containing Boehm's photo. Dkt. 1, at

4

4. Boehm alleges that his photo was copied in Wisconsin, but there is no indication that *Moncher* did the copying. Boehm alleges that Moncher helped arrange an autographing event for canvases featuring this photo in Wisconsin, but arranging an autographing event is not an infringing act. Moncher admits that he sold one item to a Wisconsin resident, but there is no indication that that item contained Boehm's photo. Moncher directed Zimprich to send some prints and canvases to Moncher's friend's PackersGreat store in Wisconsin, and some of those prints and canvases were displayed and offered for sale. But again, there is no indication that those prints and canvases contained Boehm's photo. Had Moncher orchestrated sales of products containing Boehm's photo in Wisconsin, his actions would fall within the scope of § 801.05(3), but Boehm does not allege that.

In similar cases, specific jurisdiction is often established under § 801.05(4)(b). This provision allows for specific jurisdiction when a plaintiff suffers an injury within Wisconsin arising out of a defendant's out-of-state act or omission if the defendant's "products, materials or things processed, serviced or manufactured" were consumed in Wisconsin in the ordinary course of trade. When it comes to infringement, the location of the injury may be the place of the infringing act rather that the location of the injured party. *See Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 958-59 (W.D. Wis. 2007). Boehm does not allege that Moncher's infringing acts occurred in Wisconsin. And even if the location of the injury was the place of the injured party, the injured party here is Boehm—a resident of Illinois. Nor can Boehm satisfy the second prong of § 801.05(4)(b), because he does not allege that Moncher sold any infringing product in Wisconsin. Offering the infringing product for sale online, where someone in Wisconsin could view and potentially purchase it, is not enough. *See id.* at 961. Boehm does not establish a *prima facie* case for personal jurisdiction under § 801.05.

Because the court has determined that Boehm has not established a *prima facie* case for personal jurisdiction under Wisconsin's long-arm statute, it need not reach the due process analysis. However, based on the same considerations at issue in the analysis of the Wisconsin jurisdictional statute, the court would conclude that Moncher's few contacts with Wisconsin do not relate to Boehm's infringement claim, and thus those contacts would not amount to purposeful availment of the benefits of the forum. *See Felland*, 682 F.3d at 673, 676-77. The court concludes that it lacks personal jurisdiction over Moncher, so it must dismiss the case.

ORDER

IT IS ORDERED that:

1. Defendant Richard Moncher's motion to dismiss, Dkt. 6, is GRANTED.

2. Plaintiff Scott Boehm's motion for service by publication, Dkt. 16, is DENIED as moot.

3. The clerk of court is directed to close this case.

Entered May 11, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge