IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT BOEHM,

                           Plaintiff,

    v.

RICHARD MONCHER,

                         Defendant.

OPINION & ORDER

16-cv-600-jdp

---

Plaintiff Scott Boehm, a professional sports photographer, brought this suit against pro se defendant Richard Moncher concerning Moncher's alleged infringement of one of Boehm's copyrights. I dismissed the case on Moncher's motion after concluding that Boehm had not made a *prima facie* showing of personal jurisdiction. Dkt. 20. Boehm now moves for reconsideration of that decision. Dkt. 23. He contends that I erred in my treatment of the evidence adduced by the parties and that newly discovered evidence shows that Moncher is subject to the court's jurisdiction. After reviewing Boehm's submissions, I conclude that he is not entitled to relief under Rule 59(e). I will deny his motion for reconsideration.

Boehm styles his motion as one for reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). Boehm filed his motion within the 28 days of entry of judgment, so it *could* be a motion under Rule 59(e), but "it is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Here, Boehm bases his motion on an error of law or fact, "a basis encompassed by Rule 59(e), not Rule 60(b)." *Id.* at 493-94. His second basis is newly discovered evidence, which is encompassed by both rules. He also alludes to fraud, which may be grounds for relief under Rule 60(b)(3), but not Rule 59(e). But fraud is defined

narrowly to include only "the kind of fraud that ordinarily couldn't be discovered, despite diligent inquiry, within a year, and in some cases within many years—cases in which there are no grounds for suspicion and the fraud comes to light serendipitously." *In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011). Boehm does not meet that narrow definition: even if Moncher committed fraud upon the court, Boehm says that when briefing Moncher's motion to dismiss, he "fully believed and advised the Court that Moncher was misleading the Court." Dkt. 24, at 14. So I will evaluate Boehm's motion under Rule 59(e)'s more generous standard.

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Rule 59(e) is not "a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Because Boehm does not identify a manifest error of law or fact, and because he does not present newly discovered evidence, he is not entitled to relief under Rule 59(e).

A. Manifest error of law or fact

A "'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Boehm contends that I erred in my treatment of the evidence adduced by the parties. He does not take issue with my statement of the evidentiary standard:

2

a court must accept the plaintiff's well-pleaded factual allegations as true and consider the supporting evidence adduced by the parties, resolving any factual disputes in the plaintiff's favor; the plaintiff bears the burden of making a *prima facie* showing of personal jurisdiction. Instead, Boehm contends that I misapplied this standard, erroneously resolving factual disputes in Moncher's favor. He points to two factual disputes in particular: (1) whether Moncher owned or played a role in the physical "PackerGreats" store in Stevens Point, Wisconsin; and (2) whether Moncher owned other businesses in Wisconsin.

First, I properly considered the evidence regarding the Stevens Point store and drew all reasonable inferences from that evidence in Boehm's favor. I recognized that "Moncher directed Zimprich to send many . . . prints and canvases to" the Stevens Point store, that "Moncher helped to organize a display of some of these prints and canvases in a bank lobby in Stevens Point," and that it was "unclear whether the display was put on by [Doug] Barsness's PackerGreats store, Moncher's packergreats.com website, or both—Moncher's email about the display refers to 'our retail shop.'" Dkt. 20, at 2.

Boehm now argues that several of Moncher's emails to Dan Zimprich, Dkt. 8-4, "strongly support an inference that Moncher had numerous business dealings . . . in Wisconsin and likely owned [or] operated" PackerGreats. Dkt. 24, at 11. But it would be unreasonable to infer from the emails, read as a whole, that Moncher owned or operated the Stevens Point store because several emails describe the store as Barsness's, not Moncher's. *See, e.g.*, Dkt. 8-4, at 9 ("[A replica trophy] will also look great in the retail shop my friend is setting up in Stevens Point."); *id.* at 8 ("My guy Doug in Stevens Point will sell those photos and canvases in the shop; I'm quite sure. I'll also want some of your Packer Favre photos and/or canvases for the shop.").

Boehm argues that I should have inferred that Moncher "arranged for the sale of" his photo in Wisconsin from the following email: "Some of the AR-RB co-signed canvases . . . were to stay at the house in Madison, but I'm not sure now where they are. My guy Doug in Stevens Point will sell those photos and canvases in the shop; I'm quite sure." Dkt. 8-4, at 8. Boehm failed to make this argument in response to Moncher's motion to dismiss—his argument for specific jurisdiction was solely that Moncher "was personally in Wisconsin when the infringing canvas at issue here was created, signed, photographed, and then displayed." Dkt. 7, at 9. A motion for reconsideration "is not the appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). And even if Boehm had made this argument when he was supposed to, it wouldn't have succeeded. It's reasonable to assume that "AR-RB" refers to Boehm's photo of Aaron Rodgers and Ryan Braun, but there's no indication that Doug Barsness ever sold or even offered for sale a canvas featuring that photo. Courts are neither required nor allowed to take leaps of logic from the available evidence to hypothesize about facts that could work in a party's favor; a court's role, when resolving a motion to dismiss for lack of personal jurisdiction, is to recognize factual disputes and resolve them in the plaintiff's favor. I did just that, so I did not err in my treatment of the emails concerning the Stevens Point store.

Second, whether Moncher owned other businesses in Wisconsin is irrelevant to the personal jurisdiction analysis. Boehm argues that I ignored a Wisconsin Department of Financial Institutions corporate record search indicating that "Richard Moncher" was listed as a registered agent for five Wisconsin businesses. *See* Dkt. 8-3, at 2. Boehm does not explain how this evidence would support a finding of general or specific jurisdiction, and I can think

of none. *See, e.g.*, *Mohammed v. Uber Techs., Inc.*, 237 F. Supp. 3d 719, 734 (N.D. Ill. 2017) (determining that a California resident and chairman of the board of directors of a company that operates in Illinois was not subject to general or specific jurisdiction in Illinois). The sole fact that Moncher owned one or more Wisconsin businesses, without more, does not show that he is engaged in substantial and not isolated activities within Wisconsin, nor does it show that he took any infringing act in Wisconsin. I did not err in my treatment of the corporate record search for Richard Moncher.

**B. Newly discovered evidence**

As for the second basis for his Rule 59(e) motion, Boehm has not presented "newly discovered evidence." "[M]otions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "Newly discovered evidence" in the Rule 59(e) context is evidence that (1) did not exist at the time of the court's order or (2) the moving party did not discover until after the court's order, despite exercising reasonable diligence to obtain the evidence earlier. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *see also Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014); *Bell v. Bd. of Cty. Comm'rs*, 451 F.3d 1097, 1102 (10th Cir. 2006).

Boehm adduces several emails between Moncher and David Thomason, a defendant in the related case *Boehm v. Scheels All Sports, Inc.*, No. 15-cv-379 (W.D. Wis. filed June 19, 2015). The emails indicate that Moncher sold at least two canvases featuring Boehm's photo in Wisconsin. *See* Dkt. 25-1, at 2 ("I have sold only one AR/RB canvas to Michael Rowland in Franklin on June 11 and I also sold (auctioned) one away at the Lombardi [Classic in Milwaukee]."). They indicate that Moncher was personally involved in the Stevens Point store.

5

*See, e.g.*, Dkt. 25-3, at 2 ("[I]t looks like I will open a small retail outlet in Stevens Point in about a month that has very good long-term potential."). And they indicate that Moncher traveled to Wisconsin at least occasionally. *See, e.g.*, Dkt. 25-7, at 2 (I will be in or around MKE for the next week . . . . My storage place is right by the airport; which is the area I will staying at for 3-4 of my 7 nights in WI."). Boehm also adduces another Wisconsin Department of Financial Institutions corporate record search, this one listing Moncher as the registered agent for Spider's Sports Bar LLC, Dkt. 25-9, and photos from Spider's Sports Bar's Facebook page demonstrating the public display of photographs at issue in a related lawsuit, *Boehm v. Scheels*, No. 15-cv-379, Dkt. 639 (W.D. Wis. filed Nov. 1, 2016).

None of these documents qualify as newly discovered evidence. The emails Boehm adduces were written in 2012, long before he filed this case. And Boehm admits that he obtained the emails in April 2017, a full month before the order dismissing the case was issued. Even if he had not obtained the emails until after the order, he has not shown that he exercised reasonable diligence in obtaining them. Boehm says that an order allowing third-party inspection of electronic records in *Scheels* allowed him to obtain the emails, but that order was issued in November 2016. No. 15-cv-379, Dkt. 639. Boehm chose to delay the third-party inspection for an undisclosed period of time. *See* Dkt. 25, ¶ 2 ("Plaintiffs and Thomason subsequently agreed to hold off on that inspection . . . ."). Boehm argues that the *Scheels* order was not issued until after briefing on Moncher's motion to dismiss was complete; that's true, but there was nothing stopping Boehm from moving the court for leave to supplement the record as soon as he obtained the emails. He makes no attempt to argue that he couldn't have obtained the corporate records for Spider's Sports Bar or the Facebook photos—which were posted in 2015—before the court's order. The bottom line is that Moncher might not have

been fully honest with this court, but Boehm could and should have presented this evidence before the court issued its order, so it is not newly discovered.

One last observation. The exercise of jurisdiction by this court would not comport with traditional notions of fair play and substantial justice. Moncher has some business interests in Wisconsin, travels here occasionally, and infringed Boehm's copyright here; and Boehm has related cases pending before this court. But balanced against these ties are the large burden that litigation here would place on Moncher, who lives in California and represents himself in this action; Boehm's tenuous connection to Wisconsin (he lives in Illinois, and his counsel is from New York); Wisconsin's low interest in adjudicating the dispute; and Boehm's ability to obtain relief by refiling this action in a court that has personal jurisdiction over Moncher. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

ORDER

IT IS ORDERED that plaintiff Scott Boehm's motion for reconsideration, Dkt. 23, is DENIED.

Entered September 13, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge